Stephen R. Brown
J. Andrew Person
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
srbrown@garlington.com
japerson@garlington.com

Attorneys for Defendant Homes For Our Troops, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HOMES FOR OUR TROOPS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELEMENTS OF CONSTRUCTION, INC., <br><br> Defendant. | _____ <br><br> COMPLAINT |

### I.   COMPLAINT

Plaintiff Homes For Our Troops, Inc. ("HFOT"), by and through undersigned counsel, for its Complaint against Defendant Elements of Construction, Inc. ("EOC"), states the following:

### II.   INTRODUCTION

1.   This is an action for breach of contract, common-law indemnity, and

declaratory judgment resulting from EOC's continuing failure to reimburse HFOT for amounts HFOT was compelled to pay to a third-party subcontractor solely as a result of fraud and breach of contract that EOC was adjudged to have committed against the subcontractor relating to the construction of a specially adapted home for a disabled military veteran in Polson, Montana.

### III.   PARTIES

2.   Plaintiff HFOT is a Massachusetts nonprofit corporation with its principal place of business in Taunton, Massachusetts.  HFOT's mission is to build mortgage-free, specially adapted homes for severely injured post-9/11 military veterans.  In a typical project, HFOT purchases a plot of land, contracts with a construction company to build a specially designed single-family house on the plot and donates the property free of charge to a veteran and his or her family.  HFOT has completed about 250 such projects nationwide.

3.   Defendant EOC is a Georgia corporation with its principle place of business in Cartersville, Georgia.  EOC is a residential construction contractor.

### IV.   JURISDICTION AND VENUE

4.   Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.   Pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), this Court has

personal jurisdiction over EOC because the claims alleged herein arise out of and are related to EOC's contacts with the State of Montana and jurisdiction is proper under Montana's long-arm statute, Montana Code Annotated, Title 25, Chapter 20, Rule 4B.

6. Venue is proper in the Missoula Division of the District of Montana pursuant to 28 U.S.C. § 1391(b)(2) and L.R. 1.2(c)(5) because a substantial part of the events giving rise to the claims alleged herein occurred in Lake County, Montana.

## V. FACTS

7. In or about October 2013, HFOT purchased a plot at 33110 Madison Road, Polson, Montana, legally described as MADISON SUBDIVISION 400, S26, T23 N, R21 W, Lot 002, MADISON SUBD-LOT 2 (the "Property"), for the purpose of building a home for Thomas Parker ("Mr. Parker"), a U.S. Marine lance corporal who lost both legs while serving in Afghanistan.

8. On or about October 15, 2013, HFOT entered into a contract with EOC to serve as prime contractor for the project (the "HFOT-EOC Contract").

9. The HFOT-EOC Contract contained an indemnification provision that obligated EOC to "indemnify, defend and hold harmless HFOT, its officers, agents, employees and representatives, and the Veteran, from and against claims, damages, losses, and expenses, including but not limited to attorneys' fees, arising

2525790                                                                                                          3

out of or resulting from performance of the work on the Project . . . . ."

10. On or about October 31, 2013, EOC entered into a subcontract with nonparty Thelen Custom Home Builder ("TCH"), a Montana company, to serve as general contractor for the project (the "TCH Subcontract"). HFOT was not a party to the TCH Subcontract.

11. HFOT paid EOC all material amounts due to EOC under the HFOT-EOC Contract, including all amounts due to EOC for the materials and services provided to EOC by TCH.

12. During construction of the project, EOC terminated the TCH Subcontract. EOC ultimately completed the project, after significant delays, without the involvement of TCH.

13. On or about November 14, 2014, TCH filed a construction lien against the Property in the amount of $183,242.94, which TCH alleged was owed by EOC for unpaid materials and services under the TCH Subcontract.

14. On or about May 12, 2015, TCH and its owner, nonparty Phil Thelen (collectively "TCH"), filed suit against EOC and its employee Jim Ham ("Mr. Ham") in the Montana Twentieth Judicial District Court in Lake County, Montana (Cause No. DV-15-88) for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and assault and battery (the "Montana Lawsuit"). TCH included a claim in the Montana Lawsuit against both HFOT and

Mr. Parker for foreclosure of TCH's construction lien, asking the court to order the Property sold at auction, the interests of HFOT and Mr. Parker terminated, and the proceeds applied to the amount owed by EOC to TCH under the TCH Subcontract. TCH also included a legally unsustainable claim for vicarious liability against HFOT, asking the court to hold HFOT jointly and severally liable for all damages awarded to TCH against EOC and/or Mr. Ham.

15. On or about July 10, 2015, HFOT, as record owner of the Property, filed a cash substitution bond under Montana Code Annotated § 71-3-551 in the amount of $274,864.41 (the "Substitution Bond"), which caused the lien underlying TCH's foreclosure claim to be released.

16. HFOT filed the Substitution Bond solely to obtain Mr. Parker's dismissal from the Montana Lawsuit and to remove the shadow of foreclosure from the Project so HFOT could transfer marketable title to Mr. Parker.

17. HFOT notified EOC that HFOT expected EOC to indemnify HFOT by paying any and all damages awarded to TCH in the Montana Lawsuit as a result of EOC's conduct.

18. On or about August 27, 2015, TCH amended its Complaint in the Montana Lawsuit to add a claim against the Substitution Bond.

19. On or about September 25, 2015, TCH dismissed all claims against Mr. Parker in the Montana Lawsuit.

20. On or about November 13, 2015, TCH dismissed all claims against HFOT in the Montana Lawsuit, including the claim for vicarious liability. The only remaining claim that related to HFOT in any way was TCH's claim against the Substitution Bond.

21. On or about September 1, 2017, the jury in the Montana Lawsuit found EOC liable to TCH for fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing. The jury awarded TCH a total of $1,838,000 in damages, including $206,000 for breach of contract, $715,000 for breach of the implied covenant of good faith and fair dealing, $168,000 for fraud, and $749,000 in punitive damages.

22. There was no finding of any liability against HFOT in the Montana Lawsuit.

23. On or about September 11, 2017, TCH filed a motion in the Montana Lawsuit asking the court to enter judgment against EOC in the amount of $1,838,000. TCH also asked the court to release to TCH an amount from the Substitution Bond equal to the value of unpaid services and materials provided to EOC, which TCH claimed was proven at trial to be $112,990.78, plus interest and attorney's fees.

24. On or about April 9, 2018, the court entered judgment against EOC in the amount of $1,838,000, plus interest and attorney's fees.

25. Also, on or about April 9, 2018, the court entered judgment against the Substitution Bond in the amount of $112,990.78, plus $37,399.68 in interest, plus attorney's fees in an amount to be determined after a required reasonableness hearing.

26. On or about April 23, 2018, the court entered an amended judgment against the Substitution Bond in the amount of $112,990.78, plus $38,823.84 in interest, plus attorney's fees in an amount to be determined after a required reasonableness hearing.

27. Pursuant to the court's April 23, 2018 judgment, $151,814.64 was released to TCH from the Substitution Bond.

28. On or about May 7, 2018, the court awarded attorney's fees to TCH in the amount of $120,981.05. Over HFOT's objection, the court ordered that the entire amount of the attorney-fee award could be recovered from the Substitution Bond.

29. Pursuant to the court's May 7, 2018 judgment, an additional $120,981.05 was released to TCH from the Substitution Bond.

30. EOC has not paid any damages awarded to TCH in the Montana Lawsuit as a result of EOC's conduct, thereby compelling TCH to collect a portion of its damages award from the Substitution Bond.

31. EOC has not paid any attorney's fees awarded to TCH in the Montana

Lawsuit as a result of EOC's conduct, thereby compelling TCH to collect the entire amount of its attorney-fee award from the Substitution Bond.

32. HFOT has demanded that EOC indemnify HFOT by reimbursing all amounts released to TCH from the Substitution Bond as a result of EOC's conduct.

33. EOC has not reimbursed HFOT for any amounts released to TCH from the Substitution Bond as a result of EOC's conduct.

34. To date, $272,795.69 has been released to TCH from the Substitution Bond as a result of EOC's conduct.

35. To date, HFOT has incurred more than $42,000 in costs and attorney's fees defending itself and the Substitution Bond in the Montana Lawsuit as a result of EOC's conduct.

**Count I**
**Breach of Contract**

36. HFOT incorporates the allegations in paragraphs 1-35 above as if set forth fully herein.

37. The HFOT-EOC Contract is a valid and enforceable contract.

38. HFOT performed its obligations under the HFOT-EOC Contract.

39. Under the HFOT-EOC Contract, EOC had and continues to have a duty to indemnify HFOT against claims, damages, losses, and expenses arising out of or resulting from EOC's performance of work on the Project.

40. EOC breached the HFOT-EOC Contract by failing to indemnify

2525790                                                                                          8

HFOT for amounts released to TCH from the Substitution Bond as a result of EOC's performance of work on the Project.

41. HFOT has sustained damages as a result of EOC's breach.

## Count II
## Breach of Covenant of Good Faith and Fair Dealing

42. HFOT incorporates the allegations in paragraphs 1-41 above as if set forth fully herein.

43. Every contract in Montana contains an implied covenant of good faith and fair dealing that requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

44. EOC breached the covenant of good faith and fair dealing by being dishonest, deceptive, unfair, unreasonable, and acting in bad faith in its dealings with both HFOT and TCH. EOC's dishonest, unfair, unreasonable, and bad-faith actions include but are not limited to committing fraud in the execution of the HFOT-EOC Contract and accepting payment from HFOT for materials and services provided by TCH without compensating TCH for such materials and services.

45. HFOT has sustained damages as a result of EOC's breach.

## Count III
## Common-Law Indemnity

46. HFOT incorporates the allegations in paragraphs 1-45 above as if set

forth fully herein.

47. Under Montana law, where "one is compelled to pay money, which, in justice, another ought to pay, the former may receive from the latter the sums so paid." *DeShaw v. Johnson*, 155 Mont. 355, 359, 472 P.2d 298, 301 (1970); *see also, e.g., State Farm Fire & Casualty Co. v. Bush Hog, LLC*, 353 Mont. 173, 178, 219 P.3d 1249, 1253 (2009).

48. HFOT paid EOC substantially all amounts due to EOC under the HFOT-EOC Contract for the construction of Mr. Parker's home, including all amounts due to EOC for the materials and services allegedly provided by TCH.

49. EOC was solely responsible for making all payments due to TCH under the TCH Subcontract, to which HFOT was not a party.

50. A Montana jury found EOC liable to TCH for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing. The jury made no finding of liability against HFOT.

51. Despite no finding of liability against HFOT, TCH has collected $272,795.69 of the damages and attorney's fees awarded against EOC from the Substitution Bond, which HFOT was compelled to file solely to obtain Mr. Parker's dismissal from the lawsuit and to remove the shadow of foreclosure from the Property.

52. Justice requires that EOC pay all damages awarded to TCH as a result

of EOC's fraud, breach of contract, breach of the implied covenant of good faith and fair dealing.

53. As a result of the foregoing, HFOT has been compelled to pay money that, in justice, EOC is obligated to pay, including $272,795.69 that has been released to TCH from the Substitution Bond and at least $42,000 in attorney's fees incurred by HFOT defending itself and the Substitution Bond against TCH's claims as a result of EOC's conduct.

## Count II
## Declaratory Judgment

54. HFOT incorporates the allegations in paragraphs 1-53 above as if set forth fully herein.

55. EOC has filed a motion in the Montana Lawsuit requesting a new trial.

56. If EOC is granted a new trial, the court in the Montana Lawsuit may award additional damages or attorney's fees to TCH out of the Substitution Bond.

57. Any additional damages or attorney's fees awarded to TCH in the Montana Lawsuit would necessarily be the sole result of EOC's fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and/or assault and battery.

58. HFOT is entitled to a declaration that EOC must indemnify HFOT for any and all additional damages and/or attorney's fees that are ultimately recovered

by TCH from the Substitution Bond.

## VI. PRAYER FOR RELIEF

WHEREFORE, Homes For Our Troops, Inc., respectfully requests that this Court enter the following relief against the Defendant:

    A.    Compensatory damages in an amount to be proven at trial, but currently in excess of $272,837.69;

    B.    Indemnity in an amount to be proven at trial, but currently in excess of $272,837.69;

    C.    A declaratory judgment that EOC must indemnify HFOT for any and all additional amounts that are ultimately recovered by TCH from the Substitution Bond;

    D.    An award of attorney's fees and costs; and

    E.    Such other relief as HFOT may be entitled to in law or equity.

Respectfully submitted this 29th day of June, 2018.

                              /s/ J. Andrew Person
                        Attorneys for Defendant Homes For Our Troops, Inc.